**UNITED STATES of America**

v.

**Anthony JOHNSON, Appellant.**

**No. 06–1464.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 14, 2007.

Filed Oct. 5, 2007.

---

Anthony J. Wzorek, Office of United States Attorney, Philadelphia, PA, for United States of America.

Peter J. Scuderi, Philadelphia, PA, for Anthony Johnson.

Before: RENDELL, FUENTES and CHAGARES, Circuit Judges.

## OPINION OF THE COURT

FUENTES, Circuit Judge.

Anthony Johnson appeals his sentence of 71 months imprisonment. We have jurisdiction under 18 U.S.C. § 3742(a). We review sentences generally for reasonableness. *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir.2006). For the reasons that follow, we will affirm.

Appellant Anthony Johnson was convicted by a jury of conspiracy to commit interstate transportation of stolen goods, in violation of 18 U.S.C. § 371, and interstate transportation of stolen goods, and aiding and abetting the interstate transportation, in violation of 18 U.S.C. § § 2314 and 2, and was sentenced to 71 months imprisonment. Johnson appealed his sentence and conviction. On appeal, we affirmed his conviction, but remanded for resentencing in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). On remand, the District Court imposed the same sentence of 71 months imprisonment. This appeal followed.

Johnson argues that the imposition of the same 71-month sentence was unreasonable because the District Court failed to consider his post-sentencing incarceration record of rehabilitation. Johnson asserts that since he has been in custody, he has been a "model prisoner," working in prison and participating in academic programs. At the resentencing hearing, the District Court considered the relevant factors, including the defendant's criminal history, need for rehabilitation, need for punishment, need for deterrence and protection of the community. Specifically, the District Court considered Johnson's extensive criminal history since the age of 14, his involvement in crimes in numerous states and the nature of his crimes including thefts and robberies. In our view, the District Court properly exercised its discretion under 18 U.S.C. § 3553(a) in imposing the same 71-month sentence after finding that the sentence met all the factors. Accordingly, we find that the sentence imposed by the District Court was reasonable.

We have held that except in unusual cases a defendant's post-sentence rehabilitation efforts following a *Booker* remand should not affect the sentence. *United States v. Lloyd*, 469 F.3d 319, 324 (3d Cir.2006). In *Lloyd*, we held that sentencing courts should consider only conduct and circumstances in existence at the time of the original sentencing during resentencing and not a defendant's post-sentencing rehabilitation efforts. *Id.* During the resentencing hearing, the District Court did commend Johnson's rehabilitative efforts. The District Court stated:

> I commend you for using the facilities where you are now to [try] to better yourself. That's what its all about.... I don't want you to think that by not reducing [the sentence] at this point, I am not giving you credit for what you have done, because you are supposed to be doing those things.

App. 21–22. We are satisfied that the District Court did not err by refusing to reduce Johnson's sentence in light of his rehabilitation while incarcerated.

For the foregoing reasons, we will affirm the sentence imposed by the District Court.